IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARK ANTHONY TEAS                                                                          PLAINTIFF

      v.                                      Civil No. 07-5146

SHERIFF KEITH FERGUSON;
CAPTAIN HUNTER PETRAY;
SGT. DARREN FAULKENBERRY;
OFFICER BAKER; DEPUTY GRANT;
DEPUTY UNDIANO                                                                            DEFENDANTS

**O R D E R**

      On October 30, 2007, a motion to stay was filed on behalf of Deputy Greg Baker (Doc. 10). In the motion, the court is advised that Greg Baker is now on active military duty and stationed at Great Lakes, Illinois, in basic training in the Naval Reserve. A copy of his military orders are attached to the motion. Defendant Baker asks that the court stay the proceedings in this case until he has completed basic training and has returned to Arkansas.

      On December 19, 2003, the Servicemembers Civil Relief Act of 2003, Pub. L. No. 108-189, 117 Stat. 2835 (the Act), was signed into law. It revises the Soldiers' and Sailors' Civil Relief Act of 1940 and is now codified at 50 App. U.S.C. § 501 *et seq.* One of the purposes of the Act is "to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 App. U.S.C. § 501.

      In the case of servicemembers who have notice of the action or proceeding and have entered

**AO72A**
**(Rev. 8/82)**

an appearance, as is true in this case,[1] § 522(b) provides as follows:

> (1) Authority for stay
>
> At any stage before final judgment in a civil action or proceeding in which a servicemember . . . is a party, the court may on its own motion and shall, upon application of a servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.
>
> (2) Conditions for stay
>
> An application for a stay under paragraph (1) shall include the following:
>
>> **(A)** A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>>
>> **(B)** A letter or other communication for the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 App. U.S.C. § 522(b).

Clearly, the motion for stay (Doc. 10) does not meet the statutory requirements. The motion is therefore denied. Defendant Baker may, of course, file an amended motion to stay that complies with the requirements of § 522(b) of the Servicemembers Civil Relief Act.

IT IS SO ORDERED this 16th day of November 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant Baker filed an answer in this case on October 17, 2007 (Doc. 9).

**AO72A**
**(Rev. 8/82)**