IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARK ANTHONY TEAS                                              PLAINTIFF

v.                        Civil No. 07-5146

SHERIFF KEITH FERGUSON, et al.                                DEFENDANTS

**O R D E R**

Now on this 19th day of March, 2009, comes on for consideration the **Magistrate Judge's Report and Recommendation** (Doc. 62) herein and the **Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation** (Doc. 63). The Court has reviewed this case *de novo* and, being well and sufficiently advised, finds and orders as follows with respect thereto:

1. In his Report and Recommendation, the Magistrate Judge recommended denying in part, and granting in part, the defendants' Motion for Summary Judgment (Doc. 42). Specifically, the Magistrate Judge recommended that the motion be denied with regard to plaintiff's excessive-force claims, but that it be granted with regard to the following:

* plaintiff's claim that he was denied access to the courts;

* plaintiff's claim that the grievance procedure at the Benton County Detention Center was inadequate;

* plaintiff's retaliation claim; and

    *    plaintiff's claims against Captain Hunter Petray and Sheriff Keith Ferguson.

2. In his objections to the Report and Recommendation, plaintiff objects to the dismissal of his claim that he was denied access to the courts. In support of this objection he asserts that, due to being denied access to a law library, he did not learn of the time limits for making a jury demand.

The docket reflects that plaintiff filed a Motion for Trial by Jury (Doc. 48) on September 9, 2008. The Magistrate Judge denied the motion as untimely (Doc. 60), as it was filed more than five months after the filing of defendants' answer to plaintiff's second amended complaint. See Fed. R. Civ. P. 38(b) (a party may demand a jury trial no later than 10 days after the last pleading directed to the issue is served).

In his objections to the Report and Recommendation, plaintiff requests that the "jury tr[ia]l issue again be considered."

3. Under Federal Rule of Civil Procedure 39(b), the Court has the discretion, on motion of a party, to order a jury trial even though a timely demand for one was not made.

Here, the Court finds it appropriate to exercise such discretion. Plaintiff has offered an explanation for his failure to timely demand a jury trial -- he did not learn of the time limits because he was denied access to a law library. Further, the claims which remain to be tried in this case -- after disposition of defendants' summary judgment motion -- are excessive-force claims.

Whether plaintiff will succeed on these claims will depend largely upon whether the fact-finder believes his version of the events in question -- or whether they believe defendants' versions of those events. Such credibility determinations are particularly appropriate for a jury to decide. Finally, since no scheduling order has yet been issued in this case, defendants will not be unfairly prejudiced if the case is set for a jury trial -- rather than a bench trial.

Based on the foregoing, plaintiff's request for a jury trial will be granted. The granting of plaintiff's request for a jury trial alleviates any injury resulting from plaintiff's alleged denial of access to a law library. Plaintiff's access to the courts claim is, therefore, subject to dismissal. See Hartsfield v. Nichols, 511 F.3d 826, 831-32 (8th Cir. 2008).

4. Based on the foregoing, the Court hereby orders as follows:

\*   The **Magistrate Judge's Report and Recommendation (Doc. Doc. 62)** is hereby **ADOPTED** in its entirety.

\*   Accordingly, defendants' **Motion for Summary Judgment (Doc. 42)** is **GRANTED** with regard to plaintiff's claim that he was denied access to the courts; plaintiff's claim that the grievance procedure at the Benton County Detention Center was inadequate; plaintiff's retaliation claim; and plaintiff's claims against Captain Hunter Petray and Sheriff Keith Ferguson.

Plaintiff's claims against Petray and Ferguson are **DISMISSED WITH PREJUDICE** and these defendants are **DISMISSED** from this action.

\*   Defendants' **Motion for Summary Judgment (Doc. 42)** is **DENIED** with regard to plaintiff's excessive-force claims.

\*   Plaintiff's request – contained in his objections to the Report and Recommendation – that the Court reconsider his jury demand is hereby **GRANTED**. Plaintiff's excessive-force claims will be tried to a jury. The District Court Clerk is directed to provide the parties with Magistrate Notice/Consent forms. If the parties wish to consent to the Magistrate Judge conducting the jury trial, they are directed to sign and return the consent forms by April 14, 2009. If the Court has not received the signed consent forms by April 14th, it will issue an initial scheduling order setting the case for a jury trial before the undersigned.

**IT IS SO ORDERED.**

/s/Jimm Larry Hendren
HON. JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE